# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Lonnie Hosey, ) | Civil Action No.: 1:17-cv-02060-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Quicken Loans, Inc., ) | |
| ) | |
| Defendant. ) | |

Plaintiff Lonnie Hosey filed the above-captioned action against Defendant Quicken Loans, Inc. alleging claims for violation of the South Carolina Attorney Preference Statute ("SCAPS"), S.C. Code § 37-10-102 (2017), and unconscionable conduct in the context of a mortgage loan closing. (ECF No. 1-1 at 5 ¶ 5–6 ¶ 11.)

This matter is before the court on Plaintiff's Motion to Remand and Motion to Stay All Matters Related to Defendant's Motion to Dismiss. (ECF No. 12 (referencing ECF No. 4).) Defendant opposes Plaintiff's Motions and asks the court to retain jurisdiction. (ECF No. 14.) For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Remand and **DENIES AS MOOT** Plaintiff's Motion to Stay.

## I. RELEVANT BACKGROUND OF PENDING MOTION

Defendant Quicken Loans "is a nationwide online mortgage lender that provides, among other things, residential mortgage loan refinances." *Boone v. Quicken Loans, Inc.*, 803 S.E.2d 707, 709 (S.C. 2017). "Under the Quicken Loans refinance procedure, the borrowers have already purchased the property and are simply seeking a new mortgage loan (presumably with more favorable terms) to replace the existing loan." *Id.*

On June 29, 2017, Plaintiff filed a Complaint against Quicken Loans in the Court of

Common Pleas for Barnwell County, South Carolina alleging violation of the SCAPS. (ECF No. 1-1 at 6 ¶ 11.)) In support of this claim, Plaintiff alleges that he sought to obtain a real estate loan from Defendant and, as part of that process, Defendant was required under South Carolina law to determine Plaintiff's preference for legal counsel to assist him during the closing of the transaction. (*Id.* at 5 ¶¶ 5, 6.) Plaintiff further alleges that Defendant provided him with a pre-populated Attorney/Insurance Preference Checklist ("AIPC"), which prevented Plaintiff from selecting an attorney to represent him in the transaction. (*Id.* at 5 ¶ 7–6 ¶ 9.) In addition to his attorney preference claim, Plaintiff also alleges his entitlement to relief under S.C. Code §§ 37-10-105, -108, based on unconscionability because he was deprived of a meaningful choice as to the attorney to represent him in the transaction. (ECF No. 1-1 at 7–8 ¶ 18.)

Even though Plaintiff did not specify an amount of damages in the Complaint, he does request that the court issue an order "(a) finding that the acts of the Defendant were unconscionable, and (b) granting relief included in S.C. Code Ann. § 37-10-105(c)(4), including (i) all interest paid under his note and mortgage to Defendant; (ii) an order allowing the remainder of the loan to be paid without interest; (iii) an award of double the closing costs or other costs paid to Defendant or Third Parties in connection to the loan; and (iv) attorney's fees and costs of this action." (ECF No. 1-1 at 8 ¶ 19; *see also* 8 ¶¶ A–C.) Plaintiff further requests that the court assess a statutory penalty in the amount of $7,500.00. (*Id.* at 6 ¶ 10.) However, Plaintiff states that he does not seek to recover more than $75,000.00. (*Id.* at 8 ¶ 10, 9 ¶ D.)

On August 4, 2017, Defendant filed a Notice of Removal asserting that the action was "within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332" because "[c]omplete diversity of citizenship exists and the amount in controversy requirement is

met."[1]  (ECF No. 1 at 2.)  Thereafter, on August 24, 2017, Plaintiff moved the court to remand the matter to state court on the basis that "the amount in controversy does not exceed $75,000.00 as required under 28 U.S.C. § 1332(a)(1)."  (ECF No. 12 at 1.)  Plaintiff also moved the court to stay all matters related to Defendant's Motion to Dismiss.  (*Id.* at 1–2 (referencing ECF No. 4).)  On September 6, 2017, Defendant filed a Memorandum in Opposition to Plaintiff's Motion to Remand and Stay.  (ECF No. 14.)

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter.  28 U.S.C. § 1441(a).  A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; . . . ."  28 U.S.C. § 1332(a) (2012).  In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction.  *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction).

In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal.  *Thompson v. Victoria Fire & Casualty Co.*, 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S.

---

[1] For jurisdictional purposes, Plaintiff alleges that he "is a citizen and resident of Barnwell County" (South Carolina); and Defendant is "a corporation organized and existing under the laws of a state other than South Carolina with its principal place of business being in Michigan." (*Id.* at 5 ¶¶ 1, 2.)  In the Notice of Removal, Defendant admits that its principal place of business and place of incorporation is Michigan.  (ECF No. 1 at 2.)

3

283, 292 (1938)). Generally, "the sum claimed by a plaintiff in her complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction." *Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 461 (D.S.C. 2005) (citing, *e.g., St. Paul Mercury Indem. Co.*, 303 U.S. at 294 ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.")) (internal citations omitted). However, where a complaint includes a request for nonmonetary relief or a request for a money judgment in a state that permits recovery in excess of the amount demanded, the court can look to the notice of removal to determine the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). If the court finds by a preponderance of the evidence that the amount in controversy exceeds the amount specified in section 1332(a), then removal is proper. 28 U.S.C. § 1446(c)(2)(B).

Additionally, section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

### III. ANALYSIS

There is no dispute that complete diversity exists in this matter. The parties dispute whether the amount in controversy requirement is met in order to support removal. Plaintiff moves to remand this matter to state court on the basis that "the amount in controversy does not exceed $75,000.00 as required under 28 U.S.C. § 1332(a)(1)." (ECF No. 12 at 1.) Specifically,

Plaintiff asserts that because the *ad damnum* clause of the Complaint limits the damages sought to $75,000.00, the amount in controversy cannot be met. (*E.g.*, ECF No. 12-1 at 8.) As support, Plaintiff submitted a Stipulation as to Damages, wherein Plaintiff states that (1) the entire value of his claim does not exceed $75,000.00 and (2) he will not seek or accept either nonmonetary relief or any relief or recovery greater than $75,000.00. (ECF No. 16-1 at 2 ¶¶ 3–5.) In response, Defendant asserts that Plaintiff seeks nonmonetary relief in the form of having the loan agreement declared unconscionable, and such relief would greatly exceed $75,000.00. (ECF No. 14 at 8.)

Upon review, the court notes that because Plaintiff did not specify an amount of damages in his Complaint (*see* ECF No. 1-1 at 8, 9), the court may interpret Plaintiff's Stipulation as to Damages as a clarification of the amount of damages Plaintiff seeks. *See, e.g., Carter v. Bridgestone Americas, Inc.*, C/A No. 2:13-CV-00287-PMD, 2013 WL 3946233, at *3 (D.S.C. July 31, 2013) ("Defendant concedes that 'Plaintiff does not specify an amount of damages in her Complaint.' The Court interprets Plaintiff's statements in her notarized affidavit as to the amount in controversy as a stipulation, clarifying that the total amount of damages sought by her Complaint is not more than $60,000.000[sic].") (internal citation omitted); *Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D.N.C. 1997) ("A post-removal stipulation or amendment of the complaint to allege damages below the jurisdictional amount will not destroy federal jurisdiction once it has attached. However, when facing indeterminate claims, . . . the court may consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount.) (internal citation and quotation marks omitted). Though Plaintiff attempts to limit the maximum amount of damages sought, South Carolina law permits recovery in excess of the relief requested by Plaintiff. *See Battery Homeowners Ass'n v. Lincoln Fin. Res., Inc.*, 422

S.E.2d 93, 95-96 (S.C. 1992) (quoting South Carolina Rule of Civil Procedure 54(c) which provides that a party shall be granted the relief to which it is entitled even if the relief was not demanded in the pleadings); *Jones v. Bennett*, 348 S.E.2d 365 (S.C. Ct. App. 1986) (noting that it was error for a trial judge to instruct a jury that it could not return a verdict in excess of the relief prayed for in accordance with SCRCP 54(c)); *see also Cook v. Medtronic Sofamor Danek, USA, Inc.*, Civil No. 9:06-cv-01995, 2006 WL 2171130, at *2, n.2 (D.S.C. July 31, 2006) (noting that South Carolina does not limit damage awards to the amount specified in the pleadings). Thus, the court finds that pursuant to 28 U.S.C. § 1446(c), this case presents the precise situation that permits courts to also consider the notice of removal in order to determine the amount in controversy by a preponderance of the evidence.

Defendant contends that Plaintiff's stipulation is insufficient because it fails to account for the value of the nonmonetary relief requested. (ECF No. 14 at 6.) When a plaintiff requests nonmonetary relief, courts measure the amount in controversy by the value of the object of the litigation. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010). The value of such relief is determined by reference to the larger of two figures: either the worth of the relief to the plaintiff or its cost to the defendant. *Id.* Here, Plaintiff maintains that he will limit his relief to under $75,000.00. However, in his Complaint, prior to the *ad damnum* clause, Plaintiff requests specific relief including that the court should issue an "order (a) finding that the acts of the Defendant were unconscionable, and (b) granting relief included in S.C. Code Ann. § 37-10-105(c)(4) . . . ." (ECF No. 1-1 at 8 ¶ 19.)

Pursuant to S.C. Code Ann. § 37-10-105(c), when a court finds that an agreement is unconscionable as a matter of law under section 37-5-108, the court can grant the following relief: (1) refuse to enforce the entire agreement or the part of the agreement that it determines to

have been unconscionable; (2) enforce the agreement less the unconscionable portion; (3) rewrite or modify the agreement to eliminate the unconscionable term and enforce the new agreement; or (4) award damages equal to or less than the loan finance charge while permitting repayment of the loan without a finance charge as well as attorney's fees and costs. S.C. Code Ann. § 37-10-105(c). Plaintiff does not suggest that a specific term in the agreement with Defendant was unconscionable, but that the process of entering into the agreement was unconscionable since he was deprived of counsel. (*E.g.*, ECF No. 12-1 at 3.) Thus, it is not reasonable that any court would choose to omit a specific portion of the agreement upon a finding of unconscionability. If a court were to find that Defendant's actions were unconscionable as a matter of law, a court would have to either refuse to enforce the entire agreement or award damages equivalent to the amount of the finance charge along with attorney's fees and costs. Accordingly, the cost of Plaintiff's requested relief to Defendant would be, at a minimum, the cost associated with awarding damages to Plaintiff equivalent to the finance charge on the loan. However, the greater cost of Plaintiff's requested relief to Defendant would be the cost associated with a finding that the entire agreement is unenforceable. Such a finding would render Defendant unable to foreclose on the property or collect the outstanding balance. *See e.g., Void v. OneWest Bank*, C/A No. DKC 11-0838, 2011 WL 3240478, at *3 (D. Md. July 27, 2011). This latter cost is the value by which the court measures the amount in controversy. *See Lee v. Citimortgage, Inc.*, 739 F. Supp. 2d 940, 946 (E.D. Va. 2010) (noting that the relevant inquiry is the cost to defendant of complying with any prospective equitable relief the plaintiff seeks).

Defendant provided the Declaration of Savannah Ron (ECF No. 1-2) as an exhibit to the Notice of Removal to demonstrate the value of its agreement with Plaintiff. The mortgage is secured by a debt that has an original principal amount of $104,500.00 plus interest at the fixed

rate of 4.990% per year over thirty years until the total amount of the debt is paid. (*Id.* at 3 ¶ 6.) The total amount of principal and interest Plaintiff is obligated to pay on the debt is $212,232.12. (*Id.* ¶ 7.) Presumably, if a court determines that the entire agreement is unenforceable, such relief would cost Defendant $212,232.12. Plaintiff has not provided any documentation demonstrating how a court might invalidate the entire agreement while limiting the relief to $75,000.00. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (noting that when a defendant's assertion of the amount in controversy is challenged, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied). Nor has Plaintiff provided any documentation to refute Defendant's assertion that the value of the requested relief exceeds $75,000.00. Thus, this court finds that Defendant has demonstrated the amount in controversy based on the nonmonetary relief exceeds $75,000.00.[2] Therefore, this court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332(a)(1).

## IV. CONCLUSION

For the foregoing reasons, the court hereby **DENIES** Plaintiff's Motion to Remand. (ECF No. 12.) As a result, the court **DENIES AS MOOT** Plaintiff's Motion to Stay All Matters Related to Defendant's Motion to Dismiss. (*Id.*)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 7, 2018
Columbia, South Carolina

---

[2] Additionally, the court notes that there is more than $75,000.00 at issue based on Plaintiff's request for (1) "an order allowing the remainder of the loan to be paid without interest" and/or (2) "an award of the total finance charge listed in Defendant's Truth in Lending." (*See* ECF No. 1-1 at 8 ¶¶ 19, C.) The remaining interest owed on Plaintiff's loan is $81,096.47 and the total finance charge for the loan is $107,732.12. (ECF No. 1-2 at 3 ¶¶ 7, 9.)

8