# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Lonnie Hosey, | Civil Action No.: 1:17-cv-02060-JMC |
| Plaintiff, | |
| v. | |
| | **ORDER AND OPINION** |
| Quicken Loans, Inc., | |
| Defendant. | |

Plaintiff Lonnie Hosey filed the above-captioned action against Defendant Quicken Loans, Inc., alleging claims for violation of the South Carolina Attorney Preference Statute ("SCAPS"), S.C. Code § 37-10-102 (2017), and unconscionable conduct in the context of a mortgage loan closing. (ECF No. 1-1 at 5 ¶ 5–6 ¶ 11.)

This matter is before the court on Quicken Loans' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 4.) Hosey opposes the Motion to Dismiss in its entirety. (ECF No. 28.) For the reasons set forth below, the court **GRANTS IN PART AND DENIES IN PART** Quicken Loans' Motion to Dismiss.

## I.  RELEVANT BACKGROUND OF PENDING MOTION

Defendant Quicken Loans "is a nationwide online mortgage lender that provides, among other things, residential mortgage loan refinances." *Boone v. Quicken Loans, Inc.*, 803 S.E.2d 707, 709 (S.C. 2017). "Under the Quicken Loans refinance procedure, the borrowers have already purchased the property and are simply seeking a new mortgage loan (presumably with more favorable terms) to replace the existing loan." *Id.*

On July 7, 2014, Hosey executed a note for a loan of $104,500.00 that he received from Quicken Loans, which was secured by a mortgage on Hosey's residence located at 286 Allen

1

Street, Barnwell, South Carolina. (ECF Nos. 4-2 & 4-3.) "The Note had a fixed interest rate of 4.99%, a thirty-year term, and monthly principal and interest payments of $560.35." (ECF No. 4 at 2 (referencing ECF No. 4-3).) As part of the loan application package, Quicken Loans included an Attorney/Insurance Preference Checklist (the "AIPC"), which document contains the following relevant information (in bold):

1. I (We) have been informed by the lender that I (we) have a right to select legal counsel to represent me(us) in all matters of this transaction relating to the closing of this loan.

    (a) I select **I/We will not use the services of legal counsel**.

s/**Lonnie Hosey**
Electronically Signed on 5/7/2014 9:32:15 PM

| Borrower **Lonnie Hosey** | Date | Borrower | Date |
|---|---|---|---|
| Borrower | Date | Borrower | Date |

   (b) Having been informed of this right, and having no preference, I asked for assistance from the lender and was referred to a list of acceptable attorneys. From that list I select

| **Not Applicable** | | **Not Applicable** | |
|---|---|---|---|
| Borrower | Date | Borrower | Date |
| **Not Applicable** | | **Not Applicable** | |
| Borrower | Date | Borrower | Date |

(ECF No. 4-4 at 2.)

On June 29, 2017, Hosey filed a Complaint against Quicken Loans in the Court of Common Pleas for Barnwell County, South Carolina alleging violation of the SCAPS. (ECF No. 1-1 at 6 ¶ 11.)) In support of this claim, Hosey alleges that he sought to obtain a real estate loan from Quicken Loans and, as part of that process, it was required under South Carolina law to determine Hosey's preference for legal counsel to assist him during the closing of the transaction. (*Id.* at 5 ¶¶ 5, 6.) Hosey further alleges that Quicken Loans provided him with a pre-populated AIPC, which prevented Hosey from selecting an attorney to represent him in the

transaction. (*Id.* at 5 ¶ 7–6 ¶ 9.) In addition to his attorney preference claim, Hosey also alleges his entitlement to relief under S.C. Code §§ 37-10-105, -108 (2017), based on unconscionability because he was deprived of a meaningful choice as to the attorney to represent him in the transaction. (ECF No. 1-1 at 7–8 ¶ 18.)

On August 4, 2017, Quicken Loans removed the matter to this court. (ECF No. 1.) Thereafter, on August 10, 2017, Quicken Loans moved the court to dismiss the Complaint "with prejudice in its entirety" because it "complied with the Attorney Preference Statute when it originated Plaintiff's Loan" and Hosey's cause of action for unconscionability does "not state a plausible claim under South Carolina law." (ECF No. 4 at 2.) On March 24, 2018, Hosey filed Opposition to Defendant's Motion to Dismiss. (ECF No. 28.)

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship[1] between the parties and the amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. (*See* ECF No. 24 at 8.)

## III. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does

---

[1] For jurisdictional purposes, Hosey alleges that he "is a citizen and resident of Barnwell County" (South Carolina); and Quicken Loans is "a corporation organized and existing under the laws of a state other than South Carolina with its principal place of business being in Michigan." (ECF No. 1-1 at 5 ¶¶ 1, 2.) In the Notice of Removal, Quicken Loans established that its principal place of business and place of incorporation is Michigan. (ECF No. 1 at 2 (referencing ECF No. 1-2 at 2 ¶ 4).)

3

not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"In reviewing the dismissal of a complaint under Rule 12(b)(6)," [] [the court] 'may consider documents attached to the complaint[] as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Bala v. Commonwealth of Va. Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (quoting *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)).

## IV. ANALYSIS

A. The Parties' Arguments

In its Motion, Quicken Loans first argues that it is entitled to dismissal of Hosey's claim alleging violation of the SCAPS because the AIPC did everything required by the statute when it

4

"informed Plaintiff of his right to select legal counsel and recorded the fact that he did not have a preference." (ECF No. 4 at 5.) Quicken Loans next argues that Hosey's cause of action for unconscionability fails to state a claim because (1) it is res judicata "[t]o the extent this claim is premised on his assertion that Quicken Loans engaged in" the unauthorized practice of law ("UPL") (citing *Boone*, 803 S.E.2d at 709) and (2) "[t]o the extent Plaintiff relies on arguments other than UPL, his request fails because he has not alleged facts supporting the elements of substantive or procedural unconscionability-both of which are required." (ECF No. 4 at 6.) In this regard, Quicken Loans asserts that (1) substantive unconscionability is lacking because the loan terms–a fixed interest rate of 4.99%, with a thirty-year term, and a low principal and interest payment of $560.35 per month–are fair and (2) the allegations do not support procedural unconscionability because it requires an "absence of meaningful choice on the part of one party due to one-sided contract provisions." (ECF No. 4 at 7, 8 (citing *York v. Dodgeland of Columbia, Inc.*, 749 S.E.2d 139, 148–50 (S.C. Ct. App. 2013)).)

Hosey opposes Quicken Loans' Motion to Dismiss arguing that he has sufficiently alleged violation of the SCAPS because "Defendant's process or scheme violates the rights of the consumer by denying him-the consumer Plaintiff-his state law mandated right to counsel[] and thus violates the statute per se." (ECF No. 28 at 2.) In support of this argument, Hosey asserts that "[t]he pre-populated [AIPC] form does not comply with the requirements of the attorney preference statute and it does not allow the consumer to have meaningful choice as to the attorney to represent him in all respects of the transaction" and is "unconscionable under South Carolina law." (*Id.* at 8.)

Hosey further argues that he has alleged a viable claim for unconscionability because "Quicken's use of a form prepopulated by Quicken with selections that, if valid, would constitute

a waiver of rights under the South Carolina Consumer Protection Code ("SCCPC")." (*Id.* at 2.) Hosey argues "[s]uch waivers are expressly prohibited by the SCCPC, S.C. Code § 37-1-107, and the attempt to obtain such a waiver is unconscionable conduct as a matter of law." (ECF No. 28 at 2.) Moreover, Hosey argues that with his "allegations of an absence of [meaningful attorney] choice in a significant real estate secured transaction and the use of oppressive and one-sided procedures through Quicken's ongoing use of its own pre-populated form, the Plaintiff makes a plausible claim and alleges a factual basis upon which relief can be granted by the Court." (*Id.* at 19.) Finally, Hosey argues that his claim is not about loan terms, but that "[a] pre-populated form created and used by Quicken and given to the Plaintiff by Quicken violates the statutory law and public policies of this state which are designed for the protection of the consumer, and such ongoing action or acts by Quicken are oppressive and one-sided; thus, the Plaintiff asserts and alleges that Quicken's conduct directly violates § 37-5-108 and that Quicken knowingly takes advantage of the borrower's inability to protect his substantial interests in an real estate secured loan transaction." (ECF No. 28 at 20–21.)

B. <u>The Court's Review</u>

Quicken Loans seeks dismissal of Hosey's causes of action alleging unconscionability and violation of the SCAPS. The court addresses the merit of Quicken Loans' Motion as to each of these claims below.

   *1. Attorney Preference Violation Claim*

Plaintiff brings this cause of action pursuant to the SCAPS, which provides in pertinent part:

> Whenever the primary purpose of a loan that is secured in whole or in part by a lien on real estate is for a personal, family or household purpose:
>
> (a) The creditor must ascertain prior to closing the preference of the borrower as to the legal counsel that is employed to represent the debtor in all matters of the

> transaction relating to the closing of the transaction . . . .
>
> The creditor may comply with this section by:
>
> (1) including the preference information on or with the credit application so that this information shall be provided on a form substantially similar to a form distributed by the administrator; or
>
> (2) providing written notice to the borrower of the preference information with the notice being delivered or mailed no later than three business days after the application is received or prepared. If a creditor uses a preference notice form substantially similar to a form distributed by the administrator, the form is in compliance with this section.

S.C. Code § 37-10-102(a) (2017). The purpose of the SCAPS is to protect borrowers by requiring "clear and prominent disclosure of all information necessary to ascertain the borrower's preference as to legal counsel." *Davis v. NationsCredit Financial Services Corp.*, 484 S.E.2d 471, 472 (S.C. 1997). In order to comply with the statute, a creditor may either include the preference information with the credit application on a form similar to one established by the administrator, or the creditor may deliver written notice to the borrower of the preference information within three business days after the application is received or prepared. S.C. Code Ann § 37-10-102(a)(1)-(2) (2017).

The legislative intent of the attorney preference statute is to protect borrowers by giving them the option to select their own counsel to assist them during the closing of the transaction. In protecting borrowers, the statute requires that lenders like Quicken Loans ascertain Hosey's attorney preference. In the Complaint, Hosey alleges facts which indicate that he was deprived of a meaningful choice in selecting his attorney for this transaction. At this stage in the litigation, the court is required to determine whether or not Hosey has alleged enough facts that would reasonably entitle him to relief. This court is not required to determine whether the evidence supports Hosey's claims. Here, Hosey asserts that Quicken Loans did not ascertain his preference for an attorney. The court finds that the allegations in the Complaint support a claim

that Quicken Loans violated the SCAPS. Accordingly, Quicken Loans is not entitled to dismissal of this cause of action.

    2. *Unconscionability Claim*

Hosey asserts a claim that Quicken Loans' deprivation of a meaningful choice as to an attorney is unconscionable in violation of S.C. Code Ann. § 37-10-105(c) (2017). (ECF No. 1-1 at 6 ¶ 11.)

Pursuant to S.C. Code Ann. § 37-10-105(c) (2017), when a court finds that an "agreement or transaction is unconscionable pursuant to section 37-5-108 at the time it was made, or was induced by unconscionable conduct," the court may grant certain specified relief. S.C. Code Ann. § 37-10-105(c) (2017). Section 37-5-108 indicates that it applies to consumer credit transactions. S.C. Code Ann. § 37-5-108(1) (2017). A consumer credit transaction is defined as "a consumer credit sale or consumer loan or a refinancing or consolidation thereof, a consumer lease, or a consumer rental purchase agreement." S.C. Code Ann. § 37-1-301(11) (2017). A loan secured by a lien or security interest in real estate is not considered a consumer loan, and as a result is not a consumer credit transaction. S.C. Code Ann. §§ 37-3-104, 37-3-105(1) (2017).

In order to determine whether Hosey may receive relief pursuant to section 37-10-105(c), this court is required to "ascertain and effectuate the intent of the legislature." *CPRE, LLC v. Greenville County Assessor*, 716 S.E.2d 877, 881 (S.C. 2011) (defining the primary rule of statutory interpretation) (internal quotations and citations omitted). In doing so, the court must read the statute as a whole and construe the sections together to determine their proper effect. *Id.* Thus, the court "should not concentrate on isolated phrases within the statute," and must read the statute such that no clause is rendered superfluous. *Id.*

Pursuant to section 37-10-105(c), in order to receive relief, the court must determine that the transaction was unconscionable or induced by unconscionable conduct as defined in section 37-5-108. Although section 37-5-108 indicates that it applies to consumer credit transactions, and Hosey's transaction does not qualify, that does not end this court's inquiry. In defining the scope for chapter 10 of title 37, the legislature indicated that the chapter "applies to designated loan transactions other than consumer loan transactions." S.C. Code Ann. § 37-10-101 (2017). Accordingly, section 37-10-105 was intended to apply to loan transactions, such as mortgages, which do not qualify as consumer loan transactions. It is clear that, pursuant to section 37-10-105(c), if a court finds that an agreement or transaction regarding a non-consumer loan is unconscionable using the guidelines and principles outlined in section 37-5-108, the court can grant the relief outlined in subsection (c). Therefore, the court finds that the relief outlined in S.C. Code Ann. § 37-10-105(c) may be available for the alleged attorney preference violation in Hosey's mortgage transaction.

In order for the relief outlined in section 37-10-105(c) to be available to Hosey, this court must find that he has properly alleged either that the transaction was unconscionable or that it was induced by unconscionable conduct. "Unconscionability has been recognized as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms which are so oppressive that no reasonable person would make them and no fair and honest person would accept them." *Fanning v. Fritz's Pontiac-Cadillac-Buick, Inc.*, 472 S.E.2d 242, 245 (S.C. 1996). Traditionally, a finding of unconscionability "requires a showing of both substantive unconscionability, or unfairness in the contract itself, and procedural unconscionability, or unfairness in the bargaining process." *McFarland v. Wells Fargo Bank, N.A.*, 810 F.3d 273, 277 (4th Cir. 2016). However, based on the statute at issue, it appears that

the legislature provided for an alternative theory of unconscionability based solely on conduct which caused Hosey to enter into the loan. *Id.* at 284-85 (interpreting a West Virginia statute providing for a finding of unconscionability based on an agreement that was induced by unconscionable conduct, the Fourth Circuit determined that substantive unconscionability was not required). But, for the conduct to qualify as an unconscionable inducement, it appears that Quicken Loans' conduct must be an "affirmative [misrepresentation] or active deceit." *Id.* at 286.

Here, Hosey alleges that Quicken Loans' "pre-populated [AIPC] presented to Plaintiff deprived him of a meaningful choice as to attorney to represent him in all aspects of the transaction and is unconscionable under South Carolina law." (ECF No. 1-1 at 6 ¶ 11.) Hosey further asserts that in doing so, Quicken Loans steered Hosey to its affiliated company to handle the transaction, which enriched the company and deprived Plaintiff of his statutory rights. (*Id.* ¶¶ 12–14.) Hosey also alleges that "[b]y presenting Plaintiff with a pre-populated form, the Defendant obtained from the borrower a waiver of his right to counsel," and that seeking such a waiver is unconscionable. (*Id.* at 7–8 ¶¶ 17–18.)

Even though Hosey has alleged that Quicken Loans' conduct deprived him of a meaningful choice as to his choice of attorney, Hosey acknowledges that the terms of the loan agreement were not so oppressive that a reasonable person would decline to accept the agreement. Nor does Hosey allege any facts consistent with the factors listed under section 37-5-108(4)(a), which might give rise to a finding of unconscionability. Thus, based on Hosey's allegations, this court cannot find that the loan agreement was unconscionable at the time it was made. Further, this court cannot find that Quicken Loans' alleged failure to ascertain Hosey's choice of attorney indicates that the agreement was induced by unconscionable conduct. The

facts as alleged indicate that Hosey applied for the loan with Quicken Loans. (ECF No. 1-1 at 5 ¶ 5.) There is no allegation that Hosey chose to apply for the loan based on statements made, or conduct, by Quicken Loans regarding Hosey's ability to choose an attorney for closing. Hosey has thus not stated a claim for unconscionable inducement. Accordingly, the court finds that Hosey has not sufficiently alleged a claim entitling him to relief under S.C. Code Ann. § 37-10-105(c) (2017).

## V. CONCLUSION

For the foregoing reasons, the court hereby **GRANTS IN PART AND DENIES IN PART** Quicken Loans' Motion to Dismiss. (ECF No. 4.) The court **DENIES** the Motion as to Hosey's claim that Quicken Loans violated the South Carolina Attorney Preference Statute, S.C. Code Ann. § 37-10-102 (2017). The court **GRANTS** the Motion as to Hosey's claim seeking relief pursuant to S.C. Code Ann. § 37-10-105(c) (2017) for unconscionability and **DISMISSES** the claim **WITHOUT PREJUDICE**. The clerk is **INSTRUCTED** to enter an initial scheduling order.

**IT IS SO ORDERED**

*J. Michelle Childs*

United States District Judge

March 26, 2018
Columbia, South Carolina