**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Lonnie Hosey, | ) | |
| | ) | Civil Action No.: 1:17-cv-02060-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Quicken Loans, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

 This matter is before the court pursuant to Plaintiff Lonnie Hosey's Motion to Remand (ECF No. 38). Defendant Quicken Loans, Inc. filed a response in opposition (ECF No. 40). For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Remand (ECF No. 38).

## I. RELEVANT BACKGROUND OF PENDING MOTION

 Plaintiff filed this action seeking compensation based on Defendant's alleged violation of the South Carolina Attorney Preference Statute ("SCAPS"), S.C. CODE ANN. § 37-10-102 (2012), in connection with his application for a mortgage loan from Defendant. (*See* ECF No. 12-3.) For this violation, Plaintiff requested that the court assess the maximum statutory penalty of $7,500.00. (*Id.*) Plaintiff also brought a claim under S.C. CODE ANN. § 37-10-105(C) (2012), alleging that Defendant was guilty of unconscionable conduct in the closing of a mortgage loan based on the same alleged conduct by Defendant, *i.e.*, Defendant's depriving Plaintiff of a meaningful choice as to the attorney to represent him in the transaction. (*Id.*) In connection with this claim, Plaintiff requested that the court grant the relief provided by S.C. CODE ANN. § 37-10-105(C)(4) (2012). (*Id.*) In his state court Complaint, Plaintiff stipulated that he does not seek

to recover more than $75,000.00[1] in this action for Defendant's alleged unauthorized practice of law ("UPL"). (*See* ECF No. 12-3 at 4, 7.)

On August 4, 2017, Defendant filed a Notice of Removal. (ECF No. 1.) On August 24, 2017, Plaintiff filed his first Motion to Remand. (ECF No. 12.) In denying Plaintiff's first Motion to Remand, the court found that Plaintiff's recovery under his claim for unconscionability could amount to more than $75,000.00, given that the non-monetary relief permitted by § 37-10-105(C)(4) (2012) includes the possibility of finding the entire agreement unenforceable. (ECF No. 24.) Because such a finding would render Defendant unable to foreclose on the property or collect the outstanding balance, such a relief could cost Defendant $212,232.12, a loss substantially in excess of the jurisdictional minimum amount in controversy. (*Id*. at 6-8.)

Shortly after denying Plaintiff's Motion to Remand, the court granted in part and denied in part Defendant's Motion to Dismiss Plaintiff's Complaint. (ECF No. 29.) Specifically, the court denied dismissal of Plaintiff's SCAPS claim under S.C. CODE ANN. § 37-10-102 (2012). (*Id*. at 6-8.) The maximum statutory penalty for a violation of this section is $7,500.00. *See* S.C. CODE ANN. § 37-10-105(A) (2012). The court, however, granted Defendant's Motion to Dismiss Plaintiff's unconscionability claim pursuant to S.C. CODE ANN. § 37-10-105(C) (2012), for which a possible remedy was finding the entire agreement unenforceable. (*Id*. at 8-11.)

In Plaintiff's present Motion to Remand, he claims that what remains is only his SCAPS claim for which the maximum damages are $7,500.00. (ECF No. 38.) Accordingly, Plaintiff asserts that the jurisdictional minimum amount in controversy of $75,000.00 is not satisfied in this case, and the court should remand the case to the South Carolina state court. (*Id*.) In response,

---

[1] Pursuant to 28 U.S.C. § 1332, the amount in controversy must exceed $75,000.00 for a district court to have federal diversity jurisdiction.

Defendant maintains that (1) Plaintiff still desires to bar Defendant from foreclosing on the property, which places more than $75,000.00 at risk for Defendant; (2) even if the amount in controversy has been reduced, the court should still retain supplemental jurisdiction over Plaintiff's remaining claims; and (3) Defendant should be awarded its costs and attorney's fees for defending Plaintiff's second Motion to Remand. (ECF No. 40.) Plaintiff replied, essentially restating his position that his Motion to Remand "must" be granted because subject matter jurisdiction does not exist. (ECF No. 43.)

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between - (1) citizens of different States; . . . ." 28 U.S.C. § 1332(a) (2012). In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege diversity jurisdiction in notice of removal and, when challenged, demonstrate basis for jurisdiction).

In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. *Thompson v. Victoria Fire & Casualty Co.*, 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). Generally, "the sum claimed by a plaintiff in her complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid

federal jurisdiction." *Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 461 (D.S.C. 2005) (citing, *e.g.*, *St. Paul Mercury Indem. Co.*, 303 U.S. at 294 ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.")) (internal citations omitted). However, where a complaint includes a request for non-monetary relief or a request for a money judgment in a state that permits recovery in excess of the amount demanded, the court can look to the notice of removal to determine the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). If the court finds by a preponderance of the evidence that the amount in controversy exceeds the amount specified in section 1332(a), then removal is proper. 28 U.S.C. § 1446(c)(2)(B).

Additionally, section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

### III.    ANALYSIS

#### A.  *Federal Diversity Jurisdiction*

There is no dispute that complete diversity exists in this matter. The parties dispute whether the amount in controversy requirement is still met after the court's partial dismissal of Plaintiff's Complaint. The only claim remaining in this matter is for violation of SCAPS, S.C. CODE ANN. § 37-10-102 (2012). Section 37-10-105(A) discusses what remedy may result for violations of § 37-10-102 (2012):

If a creditor violates a provision of this chapter, the debtor has a cause of action, other than in a class action, to recover *actual damages and* also a right in an action, other than in a class action, to recover from the person violating this chapter a penalty in an amount determined by the court of not less than one thousand five hundred dollars ($1,500.00) and not more than seven thousand five hundred dollars ($7,500.00).

(emphasis added). Accordingly, the only way for the amount in controversy to exceed the $7,500.00 amount is if Plaintiff could recover actual damages that meet the $75,000.00 jurisdictional amount. Defendant attempts to argue that Plaintiff's UPL allegations remain, and those accusations challenge Defendant's ability to foreclose upon its mortgage loan valued at $212,232.12, putting an amount at risk to Defendant that satisfies the jurisdictional threshold.[2] (*See* ECF No. 40 at 1-2.)

However, while UPL acts as a bar (or defense) to foreclosure, it does not constitute a private cause of action from which relief can be granted.

The court also notes that there is no private cause of action for the unauthorized practice of law. The South Carolina Supreme Court has recommended that "any interested individual who becomes aware of such conduct [which may be the unauthorized practice of law] to bring a declaratory judgment action in this Court's original jurisdiction to determine the validity of the conduct." *In re Unauthorized Practice of Law Rules,* 309 S.C. 304, 422 S.E.2d 123, 125 (1992). It did not, however, authorize a private right of action. *Linder v. Insurance Claims Consultants, Inc.,* 348 S.C. 477, 560 S.E.2d 612, 623 (2002). Furthermore, South Carolina has statutes which prevent the unauthorized practice of law, and while they state such activity will be deemed a crime, they do not sanction a private cause of action. S.C. CODE ANN. §§ 40–5–310 and –320 (2001). Accordingly, Plaintiff may not claim damages as a result of [an] alleged violation of this statute.

*Brown v. Citifinancial, Inc.*, 414 F. Supp. 2d 561, 565 (D.S.C. 2006); *State v. Buyers Serv. Co.*, 292 S.C. 426, 357 S.E.2d 15 (1987). Consequently, there is no private cause of action to provide any unspecified or stated amount of actual damages for a UPL violation. Therefore,

---

[2] The court acknowledges that the South Carolina Supreme Court's holding in related case *Boone v. Quicken Loans, Inc.* concluded that Defendant has not engaged in UPL and its process was compliant with South Carolina law. 803 S.E.2d 707 (S.C. 2017).

the court agrees with Plaintiff that his maximum damages amount is $7,500.00.

B. *Supplemental Jurisdiction*

According to Plaintiff, if the amount in controversy is reduced at any point in litigation, the case must be remanded. The Fourth Circuit rejected Plaintiff's theory over twenty years ago in *Shanagahan v. Cahill*, 58 F.3d 106 (4th Cir. 1995) (holding 28 U.S.C. § 1332 does not require dismissal or remand if the amount in controversy drops below the jurisdictional threshold after a partial dismissal). In fact, 28 U.S.C. § 1367 allows a district court "wide latitude" to retain supplemental jurisdiction over state law claims when the amount in controversy drops below $75,000.00. *Cahill*, 58 F.3d at 110. "Supplemental jurisdiction is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id.* Among the factors a district court should consider are the "convenience and fairness to both parties;" "the amount of time and energy that has already been expended, and . . . whether it might be more efficient to simply retain jurisdiction;" and whether there is "the existence of some significant issue of state law best resolved in state court." *Id.* at 112. All of these factors weigh in favor of retaining jurisdiction.

This case has been pending in federal court for over 10 months. (ECF No. 1.) The parties have briefed, and the court has decided, a motion to remand, a motion to dismiss, and a motion to stay. (*See* ECF Nos. 4, 12, 24, 29); *see also Ecology Servs., Inc. v. Granturk Equip., Inc.*, 443 F. Supp. 2d 756, 766-67 (D. Md. 2006) (retaining supplemental jurisdiction because the court had "expended energy . . . having already ruled on one other pre-trial motion"); *Fairfield Elec. Coop., Inc. v. DR Horton, Inc.*, No. 3:12-cv-3130, 2013 WL 5409143, at *6 (D.S.C. Sept. 25, 2013) (retaining jurisdiction over remaining claims valuing just $3,500.00 after spending

energy to dismiss other claims that, in the aggregate, exceeded $75,000.00). Plaintiff waited over a month after the court dismissed his request of unconscionability remedies before filing his second Motion to Remand. (ECF Nos. 29 and 38.) In that time, the parties conducted the Rule 26(f) conference and filed a joint discovery plan and responses to the Local Rule 26.03 interrogatories. (*See* ECF Nos. 35-37.)

Moreover, Plaintiff's counsel have litigated five separate attorney-preference cases against Defendant before the court. The substantive and procedural issues in this case will be the same as those cases and the parties will be able to streamline the discovery process. (*See* ECF No. 36 at 3-4); *see also Couram v. Rivers*, No. 3:17-CV-00217, 2017 WL 3765546, at *3 (D.S.C. Aug. 31, 2017) (retaining jurisdiction over supplemental claims based on "the duplicative nature of [plaintiff's] complaints" filed against the defendant in a series of repetitive lawsuits); *Varner v. Serco, Inc.*, No. 2:16-cv-2340, 2018 WL 1305426, at *4 (D.S.C. Mar. 12, 2018) (retaining jurisdiction in part because remand would cause delay since "the state court would need to acquaint itself with a case that this court is already familiar with"). The time and energy already invested in the case and the related cases makes it more efficient for the court to retain jurisdiction and doing so would be convenient and fair to the parties. These factors weigh against remand.

Finally, the court is well-equipped to decide this case even though it concerns state law. Indeed, the court has already issued multiple summary judgment orders addressing the same claims and allegations. *See Mosley v. Quicken Loans, Inc.*, No. 1:16-cv-00384-JMC, 2018 WL 1240250 (D.S.C. Mar. 9, 2018); *Mosely v. Quicken Loans, Inc.*, No.: 1:16-cv-00383-JMC, 2018 WL 1240249 (D.S.C. Mar. 9, 2018); *Messex v. Quicken Loans, Inc.*, No.: 2:15-cv-04773-JMC, 2018 WL 1015076 (D.S.C. Feb. 22, 2018); *Boone v. Quicken Loans, Inc.*, No. 5:15-cv-04472,

04843-JMC, 2018 WL 806658 (D.S.C. Feb. 9, 2018). Thus, the court is able to address the merits of this case, and it is positioned to do so efficiently.

   C.  *Costs and Attorney's Fees*

Defendant requests that the court award the attorney's fees and costs it has incurred for defending Plaintiff's Motion. (ECF No. 40 at 8-9.) Defendant argues that Plaintiff's second Motion to Remand "is nothing more than a duplicative attempt to harass Defendant and needlessly increase the cost of litigation." (ECF No. 40 at 8) (citing 28 U.S.C. § 1927, which states "[a]ny attorney . . . who so multiplies the proceeding in a case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees.").

The court disagrees. As discussed above in regard to federal diversity jurisdiction, Plaintiff has presented a legitimate argument as to the jurisdictional threshold. Therefore, the court does not find that Plaintiff's present filing was an attempt to harass Defendant or increase the cost of litigation. The court denies Defendant's request.

## IV.    CONCLUSION

Based on the foregoing, the court **DENIES** Plaintiff's Motion to Remand (ECF No. 38).


**IT IS SO ORDERED.**

                              *J. Michelle Childs*
                              United States District Judge

July 2, 2018
Columbia, South Carolina